---

## In re CUNARD'S ESTATE.

### (*Surrogate's Court, New York County.*  May 27, 1889.)

1. EXECUTORS AND ADMINISTRATORS—DISCOVERY OF ASSETS.

   Code Civil Proc. N. Y. § 2706, provides that an administrator may present to the surrogate court a petition showing that money, or other personal property of the estate, is in the possession or under the control of a person who withholds or conceals the same, so that it cannot be appraised, and asking that the person complained of be examined.  If the surrogate is satisfied, on the showing made, that there are reasonable grounds for inquiry, he must issue a citation accordingly.  Section 2710 provides that in case the person so cited shall file a verified answer that he is the owner of said property, or is entitled to the possession thereof by virtue of a lien or special property therein, the surrogate shall dismiss the proceeding.  Petitioner, as administrator, alleged that respondent had received about $200,000 of cash and securities from decedent, which were still in his possession or within his knowledge, and that he had refused to deliver or account for the same.  Respondent admitted that decedent had placed a large amount of personal property in his hands, but with authority to use the same as he saw fit; that after decedent's death, petitioner had agreed that respondent should continue to use it as before, and that during several years thereafter he had paid numerous claims against the estate, and $100,000 in cash to petitioner, amounting to all of decedent's property which he had held; and that these matters had been known to petitioner, to whom he had fully accounted from time to time.  Decedent had been dead 11 years.  *Held*, that the answer of respondent asserted the right of possession with the right of disposition, and that it was sufficient under section 2710 to warrant a denial of petitioner's application.

2. SAME.

   The statute under which the petitioner asks an examination of respondent is for the discovery of property for inventory and appraisement, and an examination in this case, 11 years after decedent's death, would be for inquisitorial purposes.

On application of administrator for discovery of property for appraisement.
*Whitlock & Simonds,*for petitioner.    *Butler, Stillman & Hubbard,* for respondent.

RANSOM, S.    This is a petition by the ancillary administrator of decedent for the discovery of property under sections 2706–2714 of the Code.    The petition alleges that the deceased left a large amount of personal property, consisting of cash and securities, with respondent, and that he now has possession of, or within his knowledge, a large part of the same, amounting to about $200,000; alleges demand for delivery and for information concerning the same, and refusal of respondent to comply with the demands.    The answer admits that the decedent left a large amount of personal property of the character mentioned, and that, at his death, there was personal property in the possession of the respondent.    Respondent denies that he was the agent of the decedent, but states that the property was left by decedent in his possession with authority to use the same as he saw fit in business enterprises and transactions.    That after the decedent's death, and the appointment of the petitioner as administrator in England, the petitioner filed an inventory in England which included a schedule of the personal property in this country in the hands of the respondent.    After his appointment in England, the petitioner left the property in this country in the respondent's hands, and consented that he should continue in the same relation thereto as he had been before decedent's death.    Matters so continued for a number of years.    The respondent states that he paid petitioner $100,000, being his proportion of decedent's property in this country, and also paid the shares of other persons entitled to distribution, and adjusted the claims of other distributees to a share of assets of the estate in this country.    He alleges that all the property of decedent remaining in his hands was paid to the distributees as aforesaid, and that nothing now remains in his possession; that since the appointment of the administrator in 1878, the latter has been aware of the property of decedent in his hands, and has had full information with reference thereto, and statements of accounts thereof, and that he has gone over fully, from time to time, the matters in this country with the respondent.

So far as the application for a discovery relates to cash alleged to be in respondent's possession, it must be denied.    *In re Knittel,* 5 Dem. Sur. 371; *In re Nay,* 6 Dem. Sur. 346.    The application, with reference to the discovery of securities, remains to be considered.    Counsel for the petitioner claims that while the answer may be of service in defining the issues to be considered in the examination asked for, it is not sufficient to prevent such examination.    He urges that section 2710 provides the only means by which the inquiry may be prevented, viz., by alleging title in the respondent, or claim of possession by virtue of a lien.

Surrogate COFFIN held in *Estate of Masterton,* 6 Dem. Sur. 460, 3 N. Y. Supp. 209, that an answer, though inartificially and discursively drawn, may entitle the respondent to a dismissal of the proceedings if the court is able to infer, from the allegations of fact, a claim of ownership or title to the possession of the property.

In *Re Wing,* 41 Hun, 452, the answer recited that the property, bonds, and notes in question were placed in the respondent's hands by the deceased under an agreement between them that the respondent should hold the same as security for such advances as respondent should make to the deceased; that the respondent, at the same time, agreed to make, and did make, such advances; that the deceased never repaid him; and that respondent, as provided in the agreement, disposed of the property in the life-time of the decedent, and applied the whole proceeds to his reimbursement, and that he had none of the property in his possession.    The very point urged by the petitioner's counsel here was considered by the court, which held (Justice LANDON writing

the opinion) that the respondent asserting the right of possession with the right of disposition, which right he had exercised, the order of the surrogate dismissing the petition should be affirmed. In the dissenting opinion, Justice PARKER thought that, as an answer in the form prescribed by section 2710 had not been interposed, the surrogate should have permitted the examination to proceed; and then, if the testimony elicited showed that the title to the property was involved, the examination should terminate.

In *Estate of Knittel*, 5 Dem. Sur. 371, the property, concerning which discovery was sought, consisted of money in the Bowery Savings Bank. Surrogate ROLLINS said: "A decision that the inquiry must proceed could only be justified upon the ground that the representative of an estate is accorded, by sections 2706–2714, the right to examine a debtor of his decedent merely for the sake of ascertaining the nature and amount of such debtor's liabilities to the estate. This ground is untenable." He dismissed the proceedings.

In *Estate of Nay*, 6 Dem. Sur. 346, Surrogate ROLLINS held that if the petition is to be interpreted as simply alleging an indebtedness on the respondent's part to the decedent's estate, it must be dismissed, and that an executor or administrator cannot proceed to the collection of an ordinary debt by means of the machinery provided by section 2706 *et seq*. It will thus be seen that in the *Wing Case*, at general term, and in the decision of *Estate of Masterton*, it was held that it is not absolutely essential that the answer should be in strict form prescribed by section 2710. The decision was based upon the ground that the respondent asserting the right of possession with the right of disposition, which he had exercised, the court considered a sufficient answer was set up.

In the case at bar, it appears that the respondent originally came rightfully into the possession of the assets of the decedent, with the right to dispose of them; that they remained in his possession, under the same terms subsequent to his decease, by virtue of a contract with the representative of the decedent's estate, and that he has disposed of them in accordance with their arrangement. The two cases seem to me to be alike. Eleven years have elapsed since the death of the decedent. Shortly thereafter, the administrator filed an inventory in England, making the statement of the respondent herein a part thereof. Frequent statements and accounts have passed between the respondent and the administrator, all of which have been acquiesced in. The statute is directed to the purpose of discovering property for the purpose of an inventory and an appraisement. If this application is granted, it will virtually be for an inquisitorial purpose. Application denied.